UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00757-SSS-BFM | Date | February 20, 2026 |
| Title | *Alonso Gudino Gudino et al. v. Kristi Noem et al.* | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER GRANTING PETITIONERS' APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 5]**

The Court is in receipt of Petitioners' Application for Temporary Restraining Order ("TRO"). [Dkt. No. 5]. Respondents submitted their Response as ordered by this Court on February 20, 2026. [Dkt. No. 10].

Respondents appear to concede Petitioners' membership in the Bond Eligible Class. [Dkt. No. 10 at 2]. Despite the clarity of this Court's order, Respondents state that "to the extent Petitioners would be entitled to any remedy via the TRO Application, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." [*Id.*]. Respondents further indicate relief should be "consistent with what Courts in this District have generally ordered" which is that a hearing be provided in 7 days. [*Id.*].

The Court's Order on February 19, 2026 was clear. [Dkt. No. 8]. Because Respondents did not contest membership in the Bond Eligible Class, Respondents were ordered to "provide each Petitioner with an individualized bond hearing[1]

---

[1] It is well-established in the Ninth Circuit that the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a

consistent with 8 U.S.C. § 1226(a) as well as 8 C.F.R §§ 1003.19, 1236.1 within 3 days of this Order.  If any of Petitioners are not provided with a bond hearing within 4 days of this Order, they are to be released forthwith." [*Id.* at 2]. Petitioners' entitlement to relief based on Respondents' position as to their class membership was not a suggestion; it was an order.

As repetition appears necessary to Respondents, the Court reiterates and **ORDERS** Respondents to provide each Petitioner with an individualized bond hearing consistent with all applicable statutory requirements, agency regulations, and proper burdens **within 3 days of the Order filed on February 19, 2026.** [Dkt. No. 8].  If Respondents fail to do so for any of the Petitioners within that period of time, they are to be released forthwith **within 4 days of the Order filed on February 19, 2026.**  [Dkt. No. 8].

**IT IS SO ORDERED**.

---

flight risk or danger to the public.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *see also Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d 983, 990–91 (S.D. Cal. 2021) (discussing Ninth Circuit precedent establishing the Government's burden and finding the IJ's placement of the burden of proof on detainee violated the Due Process Clause).  Therefore, the Court requires that the Immigration Judge properly place the burden of proof on Respondents.